## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DOMINIC MONGILLO, JR.,
    *Plaintiff*,

    v.

CAROLYN W. COLVIN,
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,
    *Defendant*.

No. 3:16-cv-195 (JAM)

## RULING ON CROSS MOTIONS TO REMAND AND AFFIRM
## THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

Plaintiff Dominic Mongillo, Jr., claimed he was disabled and could not work as a result

of a heart condition, hip pain, and a left arm with a limited range of motion. He has brought this

action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of the defendant

Commissioner of Social Security, who denied plaintiff's claim for disability insurance benefits.

Plaintiff contends that the Administrative Law Judge (ALJ) erred when she assigned only

"minimal weight" to the opinions of plaintiff's treating physician concerning plaintiff's residual

functional capacity. The opinions of the treating physician—Dr. Babu Kumar—were set forth on

a pre-printed form that is generated by the Social Security Administration and that is titled

"Medical Source Statement of Ability to Do Work-Related Activities (Physical)." *See* Doc. #12-

8 at 62–67. The ALJ discounted Dr. Kumar's opinions in principal part because Dr. Kumar did

no more than check boxes on the form to describe plaintiff's condition and abilities but without

writing in or furnishing information as requested on the form to substantiate the check-box

conclusions. *See* Doc. #12-3 at 15. Notwithstanding the ALJ's stated concern that "it is unclear

how Dr. Kumar reached his conclusions," *ibid.*, there is no indication that the ALJ took steps to further develop the record about the grounds for Dr. Kumar's conclusions.

I conclude it was error on the present record for the ALJ to dismiss the opinions of plaintiff's treating physician. As the Second Circuit has made clear, if an ALJ intends to discount the opinion of a treating physician for failure of the treating physician to substantiate the clinical bases for the physician's medical conclusions, then the appropriate course is for the ALJ to seek additional information from the treating physician. *See Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998) (noting that "the lack of clinical findings complained of by the ALJ did not justify the failure to assign at least some weight to Dr. Jobson's opinion," because "even if the clinical findings were inadequate, it was the ALJ's duty to seek additional information from Dr. Jobson *sua sponte*"); *see also Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (Sotomayor, J.) (noting that "an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative records" and that "where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even when the claimant in represented by counsel"); *Thornton v. Colvin*, 2016 WL 525994, at *6–8 (D. Conn. 2016) (extensive discussion of ALJ's duty to develop the record rather than dismiss opinion of treating physician); *Orr v. Comm'r of Soc. Sec.*, 2014 WL 4291829, at *6–7 (E.D.N.Y. 2014) (remanding case involving treating physician's responses to questionnaire that left spaces blank, because "an ALJ is not free to conclude that a treating physician's report lacks sufficient evidentiary support without first asking the physician to provide such support").

On remand, the ALJ should attempt to develop the record to ascertain if there is a further basis for Dr. Kumar's opinions as set forth in his responses in the Medical Source Statement. If there is no additional basis or if Dr. Kumar declines to respond, then the ALJ might well

appropriately consider whether to discount the conclusions of Dr. Kumar in light of the other evidence of record in this case. To the extent that the ALJ cited other reasons to discount Dr. Kumar's conclusion, the adequacy of these reasons should be re-assessed in light of any additional information from Dr. Kumar. On remand, the ALJ should also ensure that the record is complete with respect to the records from Dr. Richard Blum, whose treatment notes and/or clinical findings relate to plaintiff's ability to walk. *See* SSR 96-2p ("additional development required by a case . . . may provide the requisite support for a treating source's medical opinion that at first appeared to be lacking or may reconcile what at first appeared to be an inconsistency between a treating source's medical opinion and the other substantial evidence in the case record").

Plaintiff's motion to reverse or remand (Doc. #16) is GRANTED in part. Defendant's motion to affirm the decision of the Commissioner (Doc. #19) is DENIED. The case is remanded for the ALJ to develop the record in light of the concerns set forth in this opinion and in plaintiff's briefing.

It is so ordered.

Dated at New Haven, Connecticut, this 27th day of December 2016.

 /s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge